# McQuillen and Wife *versus* Singer Manufacturing Company.

1. The provisions of the Act of ·February 29th 1872, Pamph. L. 21, do not enable a married woman to bind her husband's estate for the price of a sewing machine purchased by her without his consent for her own use, unless said machine be a necessity of their joint household.

2. Where such machine is not a necessity for the support of the family, the vendor can recover judgment for the price against the wife alone, and must look to the separate estate of said wife for the collection of said judgment.

February 13th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY. STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Centre county:* Of January Term 1882, No. 171.

Debt, by the Singer Manufacturing Company against Thomas McQuillen, and Mary E. McQuillen his wife. The narr., as amended, contained a count for $40, for necessaries furnished to the said Mary, at her special instance and request, for the support and maintenance of herself and family, to wit, a

[McQuillen v. Singer Manufacturing Co.]

sewing machine, the same being an article for which a married woman is authorized by Act of Assembly, approved February 29th 1872, to make a valid and binding contract, without the necessity of her said husband joining therein.

The defendant Thomas McQuillen pleaded the general issue, and his wife pleaded coverture.

On the trial, before Orvis, A. L. J., the following facts appeared: In June 1880, Mrs. McQuillen, who resided with her husband at Hublersburg, wrote this note to J. B. Kinsley, agent of the Singer Manufacturing Company, at Towanda:—

"Sir: I have been wanting to purchase a Singer sewing machine; please bring me one of your machines as soon as possible, as I want to purchase one and think the Singer the best."

In pursuance of this request, Kinsley took a Singer machine to Mrs. McQuillen, at her residence, and sold it to her for the sum of $40, one-half thereof payable in six months and the balance in one year, for which Mrs. McQuillen executed two judgment notes under seal. Thomas McQuillen was absent from home at the time of the sale and for some three months thereafter. After the non-payment of the notes at maturity, Kinsley demanded payment from Thomas McQuillen, which was refused, McQuillen saying that he knew nothing of the transaction at the time, and he would not pay for the machine unless he was compelled to. He did not offer to return the machine. McQuillen's family consisted of himself, his wife and two children, aged respectively seven and three years. Both the defendants testified that the machine was a convenience in the family, but was not a necessary.

Counsel for defendants admitted the liability of Mrs. McQuillen, but denied that her husband was liable, and requested the court to charge: "That there can be no recovery against one of the defendants, Thomas McQuillen, unless you find from the evidence, that the sewing machine purchased by Mrs. McQuillen was actually necessary for the support of herself and family." *Refused.*

The court charged, inter alia, as follows:—"Under the common law, a married woman could make no valid contract without the assent of her husband, except for the actual necessaries of life, when her husband refused to supply them. . . . .

"In 1872, an Act was passed, which reads as follows: 'All contracts made by married women, in the purchase of sewing machines for their own use, shall be valid and binding, without the necessity of the husband joining in the same.' (Act Feb. 29th 1872, P. L. 21.) Under this act, the plaintiff claims the right to recover upon the contract made with Mrs. McQuillen,

[McQuillen *v.* Singer Manufacturing Co.]

on July 10th 1880. The proper construction of this Act is a question of law for the court. We instruct you, that according to the plain and unambiguous reading of this Act, a married woman is authorized to make a valid contract to purchase a sewing machine for her own use, without consulting her husband, or obtaining his consent to such purchase; and that such contract is binding on the husband, and can be enforced against him. She may not buy sewing machines to sell again, nor to rent or hire them out for profit; nor for any other purpose than her own use. But if purchased for her own use, she is made the only judge of the necessity or propriety of such purchase. This law says to all married women there is one article, to wit, a sewing machine for your own use, which you may buy, either for cash or on credit, without the permission of your husband.

" If you find from the evidence in this case, which is undisputed, that Mary E. McQuillen, the wife of Thomas McQuillen, on the 10th of July, 1880, purchased from the agent of the plaintiff, a sewing machine for her own use, and agreed to pay therefor the sum of forty dollars with interest from the date of purchase, then we instruct you that the plaintiff has a right to recover the contract price, and that Thomas McQuillen, the husband, is properly joined as defendant in this suit."

Verdict for the plaintiff, and judgment thereon. The defendants thereupon took this writ of error, assigning for error the construction put by the court on the Act of 1872, in holding that a contract by a married woman under said Act is " binding upon and can be enforced against the husband;" the refusal of the court to charge as requested by defendants; and the instruction " that Thomas McQuillen, the husband, is properly joined as a defendant in this suit."

*David F. Fortney*, for the plaintiffs in error.—The Act of 1872 is in derogation of the common law, and therefore to be strictly construed so as to embrace only the objects plainly expressed or necessarily implied. There is nothing in the Act which makes a contract by a married woman in the purchase of a sewing machine binding upon her husband, who was a stranger to it. The court erred in refusing to submit to the jury the question of fact whether the article was a necessary in the defendant's family: Parke & Wife *v.* Kleeber, 1 Wr. 251; Mohney *v.* Evans, 1 P. F. S. 83 ; Husbands on Married Women, 50, § 47.

Thomas McQuillen was improperly joined as a party defendant, and the judgment was erroneously entered against him on the general verdict for the plaintiff. The judgment notes of the wife, under seal, were given and accepted in consumma-

[McQuillen *v.* Singer Manufacturing Co.]

tion of a contract made valid as to the wife alone by the Act of 1872, and the original contract of purchase was merged in the specialties.

*Angelo T. Freedley* (with him *D. S. Keller*), for the defendant in error.—The Act provides that the contract in this case "shall be binding, without the necessity of the husband joining in the same." We submit that the plain implication is, binding on the husband, though he does not actually join in the contract. The construction contended for by plaintiffs in error requires the insertion after the word "binding" of the words "as to said married women and their separate estates." The effect of the Act is to make a sewing machine purchased by a married woman for her own use a "necessary," without the necessity of submitting that question to a jury. The separate estate of the wife is only liable after the husband's estate has been exhausted. The act of 1872 does not make the wife a feme sole as to the purchase of a sewing machine, and she cannot be sued separately therefor. The act must be construed in harmony with the spirit of the long series of Acts relating to married women, beginning with that of 1848 : Berger *v.* Clark, 29 P. F. S. 340.

Whenever the legislature has intended that married women shall be separately liable, and have individual rights of action independently of their husbands, it has invariably so declared in express terms. Thus :—

Act 22d February 1718, 1 Sm. 99, [feme sole trader], "without naming their husbands in such suits."

Act 4th May 1855, P. L. 430 [feme sole traders], "as if he were previously dead."

Act 11th April 1856, section 4, P. L. 315 [refunding bonds], "as if she were sole and unmarried."

Act 2d June 1871, P. L. 283 [to transfer stock], "as if she were unmarried."

Act 3d April 1872, section 1, P. L. 35 [separate earnings], "as if she were a feme sole."

Act 1st May 1874, P. L. 49 [to transfer stock], "as if she were unmarried."

Act 18th March 1875, P. L. 24 [to transfer stock], "as if she were unmarried."

Act 25th May 1878, P. L. 152 [mortgages and judgments], "as if she were unmarried."

Act 25th May 1878, P. L. 154 [to sell and mortgage when husband insane], "as if a feme sole."

Act 28th March 1879, P. L. 14 [to release dower when husband insane], "as if a widow and not under coverture."

Act 9th April 1879, P. L. 16 [to act as corporate officers

[McQuillen *v.* Singer Manufacturing Co.]

of charities], "free from disability on ground of coverture."

Act 11th June 1879, P. L. 126 [actions when deserted by husband], "as if she were sole and unmarried."

Act 10th June 1881, P. L. 106 [refunding bonds], "as if unmarried."

Mr. Justice GORDON delivered the opinion of the court, February 27th, 1882.

It is a mistake to suppose that the Act of February 29th 1872, constitutes the wife an agent for the husband in the purchase of sewing machines. It clothes her with the power to buy as many such machines, for her own use, as she may think proper, without consulting her husband, and without regard to his inclination, circumstances or the necessities of his family, but it gives her no power to bind his estate.

Nothing, indeed, would be more dangerous to domestic peace, than to confer upon the wife a power to bind her husband for that not required by the necessities of their joint household; and we are unwilling to introduce such an element of discord by a construction not required by the terms of the statute. A construction which would give the wife the right to bind the husband to a contract made, not only without his assent, express or implied, but perchance, in the very face of his most determined opposition. Necessity alone could justify such a violation of the husband's rights, but in this case the question of necessity is not involved, for that hypothesis was excluded by the refusal of the court to instruct the jury that there could be no recovery against Thomas McQuillen, unless they should find that the machine, purchased by his wife, was actually necessary for the support of herself and family.

It follows, that this judgment must be reversed, and if, upon retrial, the jury find that the machine is not a necessity for the support of the family, their verdict must be against the wife alone, and, in that case, the plaintiff must look for the collection of its judgment to the separate estate of Mrs. McQuillen, and not to that of her husband.

The judgment is reversed, and a new venire ordered.